IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ARIUS K. MARCELIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CIRCUIT COURT FOR WICOMICO )<br>COUNTY, MARYLAND )<br>)<br>Respondent. )<br>) | Civil Action No.: 1:22-cv-174-LKG<br><br>Dated:  February 4, 2022 |

## MEMORANDUM OPINION AND ORDER

In a Petition for Writ of Habeas Corpus received on January 18, 2022, self-represented Petitioner Arius K. Marcelin claims that he has been denied bond "for charges that don't deem me as a threat to the general public" in violation of the Eighth Amendment in connection with a pending criminal prosecution against him in the Circuit Court for Wicomico County, Maryland. ECF No. 1.  Marcelin seeks his release on an "affordable bond" or to home detention. *Id*.  Marcelin has also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which is granted.

The Petition does not name a proper Respondent.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (brackets in original) (quoting 28 U.S.C. § 2242).  Notwithstanding Petitioner's failure to name the Warden of the Wicomico County Detention Center where he is incarcerated, his Petition seeks this Court's intervention into matters that are not yet ripe for federal habeas review.

Review of the Wicomico County, Maryland criminal docket[1] as it pertains to Marcelin reveals that on October 23, 2015, Marcelin was found guilty of second degree assault and sentenced to an eight year term of confinement, with all but three years suspended. *See State v. Marcelin*, Crim. Case 22-K-15-000418 (Wicomico Co. Cir. Ct. 2015). On November 3, 2021, a violation of probation warrant was issued, and on November 5, 2021 Marcelin, after a hearing, was held without bond.

On December 27, 2021, Marcelin was charged with several counts of possession of a controlled dangerous substance, including possession with the intent to distribute; firearm offenses, including possession of a firearm by a convicted felon; second degree assault; and resisting/interfering with arrest, which were filed on November 1, 2021. *See State v. Marcelin*, Crim. Case C-22-CR-21-000553 (Wicomico. Co. Cir. Ct. 2021). It does not appear that a trial date has been set.  Marcelin was ordered to be held without bond.  Counsel has entered their appearance, and on January 13, 2022, a request to review/alter bond was filed on Marcelin's behalf.

Pre-trial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-27 (5th Cir. 1987).  Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pre-trial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial).

---

[1] Available at http://casesearch.courts.state.md.us/casesearch/.

Marcelin fails to demonstrate that he has exhausted state court remedies or that special circumstances exist that justify the intervention of this Court.  Rather, this appears to be an ordinary case involving a criminal defendant who committed new offenses while released on bond. Contrary to Marcelin's assertion that he is not a threat to the public, the Circuit Court has apparently determined otherwise. For these reasons, the petition shall be dismissed without prejudice.

Accordingly, it is this 4th day of February, 2022, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The petition for writ of habeas corpus **IS DISMISSED** without prejudice;
2. The Motion for Leave to Proceed in Forma Pauperis **IS GRANTED**;
3. The Clerk **SHALL PROVIDE** a copy of this Order to Petitioner; and
4. The Clerk **SHALL CLOSE** this case.

**IT IS SO ORDERED**.

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge